UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER B. HOWARD,

        Plaintiff,

   v.

WASHINGTON CORRECTIONS CENTER, et al.,

        Defendants.

Case No.  C05-5466FDB

ORDER TO SHOW CAUSE

    This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and the submission of a complaint for service.  The Court, having reviewed the record finds the following deficiencies:

    1. Plaintiff's complaint is deficient.  Plaintiff has failed to describe how any individual employed with the state participated in the alleged deprivations.  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt  v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).   In addition, a § 1983 complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).

    Plaintiff's claims allude to his treatment at the prison facility.  To state a claim of cruel and unusual

punishment plaintiff must satisfy two requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious" . . .. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Second, "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a `sufficiently culpable state of mind' . . .. [T]hat state of mind is one of `deliberate indifference' to inmate health or safety." Id. (citations omitted). The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979. Verbal harassment or abuse is insufficient to state a constitutional deprivation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). *See also* Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (while the Eighth Amendment can provide a basis for relief where prison officials are aware of the probability of an attack, prison officials, however, must have more than a suspicion that an attack will occur).

Plaintiff's complaint raises the issue of security within the prison, but the allegations are extremely broad. Plaintiff does not state a constitutional violation without making a showing that a state employee knew of and deliberately disregarded a serious risk of harm. Accordingly, this court orders the following:

(i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than September 23, 2005.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter as frivolous.

(ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 16th day of August, 2005.

                                          */s/ J. Kelley Arnold*
                                          J. Kelley Arnold
                                          United States Magistrate Judge