UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER B. HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON CORRECTION CENTER, DEPARTMENT OF CORRECTIONS, and MASON COUNTY SHERIFFS OFFICE,<br><br>Defendants. | Case No.  C05-5466FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 21, 2005 |

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's failure to cure certain deficiencies in his complaint. For the reasons set forth below, the undersigned recommends that the Court dismiss this matter for failure to state a cognizable claim.

DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).   A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443

1  U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l)
2  the conduct complained of was committed by a person acting under color of state law and that (2) the
3  conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the
4  United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v.
5  Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if
6  both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert.
7  denied, 478 U.S. 1020 (1986).  Recently the Ninth Circuit held that dismissal of prisoner's deficient
8  complaints is mandatory under the PLRA.  *See* Lopez v. Smith, 1998 WL 774639 (9th Cir., Nov. 9, 1998).

9       On August 16, 2005, this court reviewed plaintiff's complaint and issued an order directing plaintiff
10  to cure certain deficiencies.  Specifically, the court explained that plaintiff must allege facts show how an
11  individual personally participated or caused the alleged deprivation of his civil rights.  Plaintiff must allege
12  facts showing how individually named defendants caused or personally participated in causing the harm
13  alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).   A § 1983 suit cannot be
14  based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil
15  rights.  City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  A supervisor may be held liable only "if
16  there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient
17  causal connection between a supervisor's wrongful conduct and the constitutional violation."  Redman v.
18  County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

19       Here, plaintiff responded to the court's order without curing the deficiencies.  Plaintiff fails to name
20  any specific individual or employee of the Department of Corrections to support his claim of inadequate
21  safety from harm at the hands of other inmates.   Plaintiff fails to name any individual who personally
22  participated in the alleged retaliatory acts..

23  CONCLUSION

24       Because plaintiff fails to state a cognizable § 1983 constitutional claim, the Court should DISMISS
25  this case as frivolous.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil
26  Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also*
27  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
28  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

1 | directed to set the matter for consideration on **October 21, 2005**, as noted in the caption.

2 | DATED this 29th day of September, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3